The Chancellor.
The bill in this case, presents a complicated state of facts, and seeks various kinds of relief. It relates to the estate of John G. Leake, who died in the year eigliteeen hundred and twenty-seven, possessed of considerable real property in the county of Bergen. This property, it was supposed, escheated to the state, from a failure of heirs capable of inheriting it, and trustees were accordingly appointed by the legislature to take it in charge. After a short time, claimants presented themselves for the lands, representing that they were the heirs at law, and entitled to the inheritance. The legislature not being able to ascertain the truth of these various applications, in the year eighteen hundred and thirty-seven, appointed commissioners, with power to investigate the subjeet, and with directions to the attorney general, in case they decided in favor of any applicant, to release to him all the right of the state in the lands, upon payment of the costs and expenses, which the state had paid or was liable for. By this decision, the state, and all the applicants who came before the commissioners, were, by the terms of the act, to be bound. The commissioners met and decided in favor of the complainant, as the heir at law of John G. Leake, and the attorney general released to him, accordingly, al1 the right and title of the state. Not being able to accommodate the bill of charges claimed by the trustees under the state, (the same not being satisfactory, as presented,) the expedient was adopted, of releasing the lands by the attorney general, subject to this claim for costs and charges, when finally ascertained. This is the position of the complainant.
John Engle, the defendant, was the acting trustee on the part of the state, for these lands, and was also administrator oi the Leake estate, appointed by the orphans’ court of the county of Bergen. As administrator, he obtained an order of the said orphans’ court, and sold certain portions of the land to Merselis J. Merselis and to a Mr. Townsend, which the purchasers went into possession of, and have occupied ever since. A part of Merselis’s purchase he sold to Engle, subsequently, and it is alleged, upon a frauduiant contract, entered into at the time he purcha *274 sed. There is also a tract of seventeen acres, which the defendant, Engle, is still in possession of, claiming according to his answer, under a title adverse to the complainant’s.
Upon the release made by the attorney general, of the right of the state in the Leake lands, to the complainant, he was put-into possession of all of them, except such as had been sold to Merselis and Townsend, and the seventeen acre tract. The property being thus circumstanced, Engle, as the bill charges, caused suits in ejectment to be brought against the tenants of the complainant, who ignorantly suffered judgment to pass against them; but the supreme court, on application made to them, and the true state of facts being made known, ordered restitution to be made to the tenants of the complain ant, of the lands which had thus been taken from them, under the ejectment suits. In making restitution, however, under the complainant’s direction, they gave him the possession of the seventeen acre tract, which, in fact, had never been claimed by En gle, in the suits in the supi’eme court, but which he had been long in the possession of, before the suits were brought. The complainant, therefore, obtained by his motion, not only res toration of all he had lost under the ejectments, but he got the possession of another tract, entirely, the seventeen acre tract Engle was proceeding to have this matter rectified by applica tion to the supreme court, when the complainant filed this bill
The object of the bill is,
1. To restrain ■ the defendant, Engle, from further proceed iug in the supreme court, to be reinstated in his possession oi the seventeen aci’e tract.
2. To procure an inspection of the deed under which Engle claims title to the seventeen acre tract.
3. Eor an account of the rents and profits received by Engle, as trustee under the state, and for a settlement and discharge of his claim as trustee, against the estate.
4. That the sale made of the lands under an order of the orphans’ court, may be set aside as fraudulent and void.
5. For an account for waste committed on the lands.
*275 6. That the complainant may be quieted in bis possession.
Without forming any favorable opinion of the course pursued by the defendant, Engle, in reference to this estate, I still think there is no propriety in the present bill. To grant relief in such a case, would violate the settled practice of the court.
The great object of the bill, no doubt, was to obtain the in junction, and thus retain the possession of the seventeen acre tract. The injunction was granted upon the excoríe view presented by the bill, but after further consideration and knowledge of the facts, it was dissolved. The application for the injunc tion was clearly wrong. The complainant had, by his writ oi restitution, been placed in possession of land which had never been taken from him, and the defendant was entitled to have that matter set right.
The great difficulty in the way of the complainant is, that his title to the property is denied by the defendant, and has never been established at law. I speak now, particularly of the seventeen acre tract; nor, indeed, has he ever had the possession of it, except for a short time, under the writ of restitution. Before the complainant can call the defendant in question respecting this lot, he must establish his title at law. The act of the legislature constituting a commission to ascertain the heirs to this estate, and the subsequent release of all the rights of the •state by the attorney-general, did not, necessarily, give a title to the complainant; it was nothing more than a relinquishment oí the claim on the part of the state, and it was expressly provi ded by the act itself, it would seem, that the state and such claimants only as came before the commissioners, should be affected by their decision. It would, upon no principle, be justifiable, to bind parties not before the commissioner, nor did the legislature intend so to do. The defendant says, in his answer, that he claims the seventeen acre tract by an adverse title, and that he is in possession. If the complainant has a right to this lot, the courts of law are open to him, and he must take that course.
The prayer for the inspection of the deed, under which Engle *276 claims title to the seventeen acre tract, has been complied with, without opposition, and therefore no difficulty exists on that part of the case. I must not be understood, however, as sanctioning the principle, that a party has a x-ight to the production of deeds which relate alone to the adversary’s own title. In Coopers Eq. 58, it is said that the plaintifE shall have a discovery of so much as relates to his own title, and shall not pry into-that of the defendant.
The release of the right of the state, can only discharge the interest in the lands from that time, and therefore I see no propriety in the complainant’s having an account from Engleduring the time he had the possession of the lands as tx-ustee. After the release, the complainant had the possession, and before-that Engle acted as a trustee for the state, and as such must, account to the state and not to the complainant. So also the-claims of Engle for his compensation and expenses as trustee,, is with the state, and must be settled in his account for the-rents and profits. It is one account. On the one side, he will be charged for the rents and profits of the estate in his hands,, and on the other, credited with the expenses and his compensation as trustee.
As to that part of the prayer of the bill which seeks to set aside the proceedings in the orphans’ court, and a sale of a pox-tion of the px-operty to Merselis and to Townsend, it is a sufficient answer, that the proper parties are not before the court. Merselis is named as a defendant in the bill, but he was neveibrought before the coux-t by subpoena, and at his death, which occurred since the commencement of this suit, the complainant, went on without making his heirs or x*epresentatives parties. These purchasers are entitled to be heard before any decree is-made impeaching the validity of the sale under which they claim title.
The last prayer asks that the complainant may be quieted in his possessions. Such prayer can have no application to a case-like this. Where a right has been repeatedly established at law,, or where the same x-ight is subject to be controverted by a great; *277 many persons, a court of equity will, in some cases, put an end to strife and litigation, by restraining suits at law, and settling the whole case at once, or if need be, by directing a single trial at law. But here there has been no trial of tho right at all, nor are there any other parties involved than the complainant and the defendant, Engle: 2 Story’s Eq. 147.
As the complainant has not been able to satisfy me of his right to relief on the grounds on which it is sought, I must dismiss the biil, with costs.
Decree accordingly.